☐ ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
BENJAMIN ADDISON,

     Plaintiff,

**JUDGE KARAS**

vs.

     **COMPLAINT**

RICHARD SASSI, JR.,

**08 CIV. 3895**

     Defendant.
---------------------------------------------------------x

By and through his counsel, Michael Sussman, plaintiff alleges as follows:

1. Plaintiff, Benjamin Addison, is a resident of the State of New York, County of Erie.

2. Defendant, Richard Sassi, Jr., is a resident of the State of New York, County of Dutchess.

3. Both plaintiff and defendant are of legal age.

4. At all relevant times, defendant acted as a police officer employed by the City of Beacon, New York, Dutchess County and all acts relevant to this matter occurred within the County of Dutchess, State of New York.

5. As plaintiff contends that defendant, as a state actor, violated rights guaranteed to him by the due process clause of the United States Constitution, specifically the right to be free from malicious prosecution, this Honorable Court

has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331, 1343 (3) & (4) and 42 U.S.C. secs. 1983 and 1988.

6. On April 28, 2005, defendant arrested plaintiff and charged him, inter alia, with two counts of violating Penal Law 220.26 [possession of controlled substance third degree [with intent to sell]] and one count of violating P.L. 221.05 [unlawful possession of marihuana].

7. As such, defendant initiated the prosecution of the defendant and acted as the principal complaining witness against him.

8. In his arrest report, defendant wrote, "Upon arrival at the Beacon Police Department, the male [plaintiff[ was taken out of the rear of patrol car 8. Upon a check under the rear seat of the patrol car where the driver was sitting, this officer located a black pouch. This officer had personal knowledge that this pouch must have been placed there by the male that was detained, as I had checked the back seat of the patrol car at the start of my shift at 1600 hours, and again upon my arrival at the scene at Route 9, as I knew I would likely be conducting a transport, and, upon both checks, the pouch was not there."

9. In his arrest report, defendant further claimed that before he made any mention of the pouch to plaintiff, plaintiff stated that the pouch was not his and that he didn't sell drugs.

10. In his arrest report, defendant further wrote, "This officer had made no reference to the contents of the pouch to the male or any other person present, seeming to confirm that the male seemed to know what was inside."

11. Defendant then reported that the pouch contained thirty one clear plastic baggies, each containing a white compact powder substance, which later field tested positive for cocaine.

12. Defendant also claimed that at the station, he found "a pink plastic baggie containing a green, leafy vegetable-like substance in the change pockets of his jeans."

13. Defendant further reported that the substance was field tested and determined to be marihuana.

14. At no time on April 28, 2005 did plaintiff possess either the pouch referenced in the defendant's police report, the thirty one clear plastic baggies referenced in the police report or the marihuana referenced in the police report.

15. Defendant knew that the drugs he associated with plaintiff in the criminal charges were not plaintiff's. He also knew that plaintiff did not make the allegedly incriminating statement ascribed to him.

16. Despite this knowledge, defendant charged plaintiff with two counts of violating PL 220.16 and one count of violating P.L. 221.05.

17. Defendant lacked probable cause to believe that his prosecution of the plaintiff on these drug offenses would succeed.

18. As a consequence of these drug-related charges, plaintiff was held from April 28-May 17, 2005 on $100,000 bond or $50,000 cash bail.

19. As part of his malicious prosecution of plaintiff on these charges, defendant gave perjurious testimony at a felony hearing held on May 17, 2005 in the City of Beacon.

20. Specifically, on that occasion, defendant repeated his baseless claim that plaintiff left a pouch with 31 plastic baggies of cocaine in the back of his patrol car.

21. Thereafter, in December 2005, the plaintiff and the District Attorney's Office of Dutchess County agreed to the conduct of DNA testing on said pouch.

22. Plaintiff cooperated in that DNA testing, voluntarily providing a saliva sample.

23. That testing, the results of which were reported in April 2006, established absolutely no link between the pouch and plaintiff Addison.

24. Thereafter, in September 2006, nearly 17 months after claiming that defendant had found felony weight drugs under a passenger seat and that these belonged to plaintiff, the People dismissed the felony drug charges.

25.  In June 2007, all remaining charges against plaintiff were dismissed in exchange for his plea to a violation of section 600(1) of the Vehicle and Traffic Law.

26.  At the May 17, 2005 felony hearing, the People presented no testimony on any other felony counts with which Sassi charged plaintiff, namely two D felonies for allegedly assaulting another person with a weapon with the intent to cause physical injury in violation of PL 120.05 and a felony count of criminal possession of a weapon in violation of PL 256.02.

27.  After the felony hearing and based exclusively on the perjurious conduct of the defendant, plaintiff was held over and his bail was continued at $100,000 bond or $50,000 cash.

28.  Plaintiff was unable to meet this bail for ten days after the felony hearing and remained incarcerated based upon the fabricated reports and testimony of defendant Sassi.

29.  On October 21, 2005, the District Attorney of Dutchess County filed an order pursuant to CPL sec. 190.40 returning this matter to the City of Beacon Justice Court and attesting that the matter should be prosecuted in that Court, not in County Court, which handles felony cases.

30.  Defendant's conduct, as above related, was engaged in with malice.

31. By dint of defendant's malicious prosecution of him, plaintiff was deprived of his freedom for approximately 30 days.

32. By dint of defendant's malicious prosecution of him, plaintiff suffered restraint to his liberty post-arraignment.

33. As a consequence of defendant's conduct, plaintiff suffered depression, mental distress, humiliation, anxiety and loss of reputation.

## CAUSES OF ACTION

34. Plaintiff incorporates paras. 1-33 as if fully incorporated herein.

35. By maliciously prosecuting plaintiff under color of state law, defendant violated rights guaranteed to plaintiff by the 4th and 14th Amendments of the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) empanel a jury to hear and decide all issues of fact;

c) award compensatory and punitive damages against defendant and on behalf of the plaintiff;

d) award plaintiff the attorneys fees and costs pursuant to 42 U.S.C. sec. 1988 and

e) enter any other order which the Court deems necessary and appropriate in the

interests of justice.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NEW YORK 10924
(845)-294-3991

COUNSEL FOR PLAINTIFF

DATED: 4/25/08